**In re Henry R. WURST and Phyllis S. Wurst, Debtors.**

**Henry R. WURST and Phyllis S. Wurst, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 92–00395–5–ATS.**
**Adversary No. S–95–00154–5–AP.**

United States Bankruptcy Court,
E.D. North Carolina.

Nov. 22, 1996.

William E. Brewer, Jr., Raleigh, NC, for Debtors/Plaintiffs.

Thomas Holderness, U.S. Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion for summary judgment filed by the plaintiffs, Henry and Phyllis Wurst. The facts are undisputed and the plaintiffs acknowledge that it would be appropriate for the court to proceed as if the defendant, the United States of America Internal Revenue Service, had also filed a motion for summary judgment. A hearing was held in Raleigh, North Carolina on November 13, 1996. The plaintiffs' motion for summary judgment will be denied and summary judgment will be granted in favor of the IRS.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(B) and (O) that this court may hear and determine.

Mr. and Mrs. Wurst are chapter 7 debtors who contend that their bankruptcy estate is liable for a nondischargeable tax obligation either as a cost of administration or as a priority prepetition obligation pursuant to 11 U.S.C. § 507(a)(8)(A)(iii) (technically the correct Code section number is § 507(a)(7) because that was the number of the section when this bankruptcy case was filed). The facts are not contested.

The Wursts filed for chapter 11 bankruptcy relief on March 26, 1992, and their case was converted to chapter 7 on August 11, 1992. Prior to bankruptcy, on March 9, 1992, Mr. Wurst received a distribution of $458,908 from the Henry Wurst, Inc. Profit Sharing Plan. Four days later, on March 13, 1992, Mr. Wurst "rolled over" $300,000 of the distribution to the HRW Printing Company Profit Sharing Plan. The Wursts claimed an exemption in the funds in the HRW Printing Company Profit Sharing Plan, and an objection to the exemption was filed by the Wursts' primary creditor, First Union National Bank. On March 23, 1994, the bankruptcy court allowed the objection, disal-

lowed the exemption, and held that the funds were property of the estate on the ground that the HRW Printing Company Profit Sharing Plan was not "ERISA-qualified" and that the fund was not protected under North Carolina law. The Wursts appealed, and the bankruptcy court's decision was affirmed by the district court on October 25, 1994.

First Union also objected to Mr. Wurst's discharge pursuant to 11 U.S.C. § 727(a)(2)(A) on the ground that the "roll over" of the profit sharing funds was a transfer by Mr. Wurst for the purpose of hindering, delaying or defrauding First Union. The court agreed, and on January 5, 1994, Mr. Wurst's discharge was denied.

*The Tax Obligation as an Administrative Claim*

The Wursts contend that the tax obligation that arises from the court's determination on March 23, 1994, that the funds that were "rolled over" into the HRW Printing Profit Sharing Plan were property of the estate. Thus, Mr. Wurst argues that the tax obligation should be paid by estate funds as a cost of administration. According to Mr. Wurst, the funds were "rolled over" into a tax-protected profit sharing plan, and had it not been for the court's decision on March 23, 1994, the funds would not have been subject to any income tax.

The IRS, however, points to the decision of the district court of October 25, 1994, in which that court, in affirming the bankruptcy court's order of March 23, 1994, specifically found that the rolling over of funds was a "fraudulent conveyance" and that the transfer was "entirely void." The IRS maintains that since the transfer was void, the "roll over" never took place, and there was no postbankruptcy event that would result in a cost of administration tax liability.

The Wursts contend that the district court's finding that the "roll over" to the HRW Printing Company Profit Sharing Plan is void should not be applicable to this proceeding because that issue was not before the district court. What was before the district court was the appeal from the bankruptcy court's order disallowing the exemption, and the bankruptcy court's disallowance of the exemption was not on the ground that the

"roll over" had been fraudulent. However, in the adversary proceeding brought by First Union to deny Mr. Wurst's discharge, the bankruptcy court did find that the "roll over" was fraudulent, and it is that finding to which the district court referred in its order of October 25, 1994.

The debtors are correct that the issue of whether the "roll over" should be disallowed as exempt as a fraudulent transfer was not before the district court, but it is indisputable that there is a final order of this court holding that the "roll over" was made for the purpose of hindering, delaying or defrauding a creditor. It is true that the finding was made in the context of § 727(a)(2)(A), but it is precisely the same finding that, if made in the context of § 548(a)(1), would result in the avoidance of the transfer. Accordingly, the "roll over" should be treated for tax purposes as if it is void and did not occur. Consequently, Mr. Wurst's withdrawal of funds from the Henry Wurst, Inc. Profit Sharing Plan on March 9, 1992, was not tax-protected, and the resulting tax obligation would not have been incurred by the estate after the filing of the bankruptcy petition. Accordingly, the tax liability is not a cost of administration of the bankruptcy estate.

*Tax Obligation as a Priority Claim*

As a preliminary matter, the IRS has objected to consideration of the debtors' claim that the tax obligation is a priority claim because the issue was not included in the final pretrial order. Ordinarily, the issues identified in the pre-trial order would be the only issues considered, but this is not a trial and the facts are not in dispute. The IRS is in no way prejudiced by the court's consideration of this issue, and the IRS's objection is overruled.

The Wursts maintain that although the tax at issue was assessed after bankruptcy, the tax arose prior to bankruptcy on March 9, 1992, when the funds were withdrawn from the Henry Wurst, Inc. Profit Sharing Plan and therefore the tax should be given priority status under § 507(a)(8). However, the court agrees with the IRS that the 1992 taxes could not be assessed until the conclusion of the taxable year, and in this case that was postbankruptcy. Mr. Wurst could have split his taxable year under 26 U.S.C. § 1398(d)(2), but he did not make that election.

Mr. Wurst contends that the plain language of § 507(a)(8)(A)(iii) provides that taxes assessed after bankruptcy are given priority status if they were assessable prior to bankruptcy. In this case the applicable tax period is 1992, a period that did not end, absent an election under 26 U.S.C. § 1398(d)(2), until after the bankruptcy was filed. Consequently, the 1992 taxes were not assessable prior to bankruptcy and the taxes are not a cost of administration. The fact that the invalid "roll over" took place prior to bankruptcy does not change things. The taxable event still took place during the 1992 tax year, and the taxes for that period were not assessable until after bankruptcy. Therefore, the taxes relating to the 1992 withdrawal from the Henry Wurst, Inc. Profit Sharing Plan are not entitled to priority.

Accordingly, the plaintiffs' motion for summary judgment is **DENIED,** and summary judgment is **GRANTED** in favor of the IRS. A separate judgment in favor of the IRS shall be entered.

**SO ORDERED.**