**In re Seshadri N. PRATIVADI and Mallika Seshadri, Debtors.**

No. 00–23357.

United States Bankruptcy Court, W.D. New York.

Feb. 11, 2002.

David H. Early, Shapiro, Rosenbaum and Nelson, Rochester, NY, for debtors.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On November 13, 2000, Seshadri N. Prativadi and Mallika Seshadri (the "Debtors") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtors indicated that the Internal Revenue Service (the "IRS") and the New York State Department of Taxation and Finance ("New York State") held priority claims for unpaid calendar year 2000 income taxes in an undetermined amount.

On May 7, 2001, the Debtors filed a proof of claim on behalf of New York State in the amount of $2,821.32 (the "New York Tax Claim"), which represented a pro rata portion (from January 1, 2000 to November 13, 2000) of the Debtors' calendar year 2000 income tax liability of $3,248.52, as set forth on their tax return.

On May 7, 2001, the Debtors also filed a proof of claim on behalf of the IRS in the amount of $16,057.60 (the "IRS Tax Claim"), which represented the same pro rata portion of the Debtors' calendar year 2000 income tax liability of $18,489.03, as set forth on their tax return.

On June 11, 2001, New York State filed its own priority claim in the amount of $3,896.46 (the "Superseding New York State Tax Claim").

On September 26, 2001, the Debtors' trustee (the "Trustee") filed objections to all three of the tax claims which asserted that, since the Debtors had failed to elect and file split year tax returns for their calendar year 2000 income taxes, any taxes due for that calendar year were debts that were deemed to have arisen after the filing of their petition that could not be charged against or paid by a distribution from the estate.

On November 27, 2001, the Trustee filed a letter that he received from the New York State Tax Compliance Division—Bankruptcy Section, which indicated that it did not oppose his objection to the Superseding New York Tax Claim.

The IRS did not interpose a Response to the Trustee's objection to the IRS Tax Claim.

The Debtors interposed a response to the Trustee's objections to the tax claims. In their written submissions and arguments the Debtors asserted that: (1) Section 507(a)(8)(A)(iii)[1]: (a) permitted the taxing authorities to file claims for the pre-petition portion of the income taxes due from the Debtors for the calendar year 2000, since calendar year 2000 taxes could be assessed after the filing of their petition; and (b) provided that such claims, when filed, would be entitled to priority treatment; (2) although 26 U.S.C.A. § 1398[2] ("Section 1398") provided that an individual Chapter 7 or 11 debtor whose bankruptcy case was being administered as an asset case could file a split year election, nothing in Section 1398 specifically required that election to be made in order for the provisions of that Section to supersede the claim treatment afforded by the provisions of Section 507(a)(8)(A)(iii); (3) the Court should analyze and decide the issue presented as the Court did in its decision in *Missouri Dep't. of Revenue v. L.J. O'Neill Shoe Co. (In re L.J. O'Neill Shoe Co.)*, 64 F.3d 1146 (8th Cir.1995); and (4) to be consistent, the Court, which has held that a pro rata portion of a debtor's

1. Section 507 provides' in relevant part that:
(a) The following expenses and claims have priority in the following order:
(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts—
(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case[.]
11 U.S.C. § 507 (2002).

2. Section 1398 provides in relevant part that:
(a) Cases to which section applies.—Except as provided in subsection (b), this section shall apply to any case under chapter 7 (relating to liquidations) or chapter 11 (relating to reorganizations) of title 11 of the United States Code in which the debtor is an individual.
(d)(1) General rule.—Except as provided in paragraph (2), the taxable year of the debtor shall be determined without regard to the case under title 11 of the United States Code to which this section applies.
(d)(2) Election to terminate debtor's year when case commences.—
(d)(2)(A) In general.—Notwithstanding section 442, the debtor may (without the approval of the Secretary) elect to treat the debtor's taxable year which includes the commencement date as 2 taxable years—
(d)(2)(A)(i) the first of which ends on the day before the commencement date, and
(d)(2)(A)(ii) the second of which begins on the commencement date.
(d)(2)(C) No election where debtor has no assets.—No election may be made under subparagraph (A) by a debtor who has no assets other than property which the debtor may treat as exempt property under section 522 of title 11 of the United States Code.
(d)(2)(D) Time for making election.—An election under subparagraph (A) or (B) may be made only on or before the due date for filing the return for the taxable year referred to in subparagraph (A)(i). Any such election, once made, shall be irrevocable.
(d)(2)(E) Returns.—A return shall be made for each of the taxable years specified in subparagraph (A).
(d)(2)(F)(3) Commencement date defined.— For purposes of this subsection, the term "commencement date" means the day on which the case under title 11 of the United States Code to which this section applies commences.
(e)(1) Estate's share of debtor's income.— The gross income of the estate for each taxable year shall include the gross income of the debtor to which the estate is entitled under title 11 of the United States Code. The preceding sentence shall not apply to any amount received or accrued by the debtor before the commencement date (as defined in subsection (d)(3)).
(e)(2) Debtor's share of debtor's income.— The gross income of the debtor for any taxable year shall not include any item to the extent that such item is included in the gross income of the estate by reason of paragraph (1).
26 U.S.C.A. § 1398 (2002).

anticipated income tax refunds for the calendar year ending after the filing of a petition are property of the estate, should decide that a pro rata portion of any income taxes due for the calendar year ending after the filing of a petition should be a liability of the estate in a Chapter 7 asset case.

The Trustee asserted in his written submissions and arguments that: (1) Section 1398, which was enacted subsequent to the enactment of the Bankruptcy Code as part of the Bankruptcy Tax Act of 1980, primed Section 507(a)(8)(A)(iii) in individual Chapter 7 and 11 asset cases; (2) a failure to make the required election provided for in Section 1398 results in the pre-petition portion of the income taxes due for the calendar year ending after the filing of the petition not being assessable against the bankruptcy estate; (3) the Court should adopt the analysis of this issue as set forth by the Bankruptcy Court for the Southern District of New York in its decision in *In re Haedo*, 211 B.R. 149 (Bankr.S.D.N.Y. 1997), even though it was dicta in that case; and (4) individual Chapter 7 and 11 debtors, whose cases are asset cases, do have the ability, if they make the Section

1398 election, to afford the taxing authorities the right to file a priority claim for the pre-petition portion of the income taxes due for the calendar year ending after the filing of their petition, so that there is consistency in the Court's treatment of pre-petition income tax refunds and liabilities.

### DISCUSSION

 It is clear from the uniform decisions of the Courts which have decided the issue presented, as well as the legislative history accompanying Section 1398,[3] that it was the intention of Congress that if an individual Chapter 7 or 11 debtor does not timely make the split year election under Section 1398, no portion of the debtor's pre-petition income tax liability for the year ending after the filing of the petition can be assessed or claimed against that debtor's asset bankruptcy estate; it can only be assessed against the debtor.

I agree with the analysis set forth in *In re Haedo*, 211 B.R. 149 (Bankr.S.D.N.Y. 1997) as well as the decisions of the Bankruptcy Courts in *In re Wurst*, 204 B.R. 902 (Bankr.E.D.N.C.1996) and *In re Turboff*,

---

**3.** The Legislative History sets out that:

2. Debtor's election to close taxable year.—*In general.*—The bill gives an individual debtor an election to close his or her taxable year as of the day before the date on which the bankruptcy case commences (the "commencement date"). If the election were made, the debtor's taxable year which otherwise would include the commencement date is divided into two "short" taxable years of less than 12 months. The first such year ends on the day before the commencement date; the second such year begins on the commencement date (new Code sec. 1398(d)(3)(A)). If the election were not made, the commencement of the bankruptcy case does not affect the taxable year of an individual debtor (new Code sec. 1398(d)(2)).

As a result of the debtor's making the election, his or her Federal income tax liability

for the first short taxable year becomes (under bankruptcy law) an allowable claim against the bankruptcy estate as a claim arising before bankruptcy. Accordingly, any tax liability for that year is collectible from the estate, depending on the availability of estate assets to pay debts of that priority. Inasmuch as any such tax liability for an electing debtor's first short taxable year is not dischargeable, the individual debtor remains liable for any amount not collected out of the bankruptcy estate (new 11 U.S.Code sec. 523(a)(1)). If the debtor does not make the election, no part of the debtor's tax liability from the year in which the bankruptcy case commences is collectible from the estate, but is collectible from the individual debtor.

Committee Report on P.L. 96–589 (Bankruptcy Tax Act of 1980).

93 B.R. 523 (Bankr.S.D.Tex.1988) which specifically addressed and rejected the Section 507 arguments raised in this case.

All of the cases cited by the Debtors are Chapter 11 cases involving corporations. Section 1398(a) provides that the Section is only applicable to Chapter 7 and Chapter 11 cases in which the debtor is an individual.

### CONCLUSION

The Trustee's objections to the IRS Tax Claim and the New York Tax Claim are sustained, and the claims are disallowed in their entirety.

**IT IS SO ORDERED.**